STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS PAGE 1
RHODE ISLAND JUDICIAL SYSTEMS AND SCIENCES DATE 05/03/2005
SUPERIOR COURT CIVIL INFORMATION SYSTEM

DOCKET EVENT LISTING

CASE NO.: PC2005 1813 TYPE OTHER CIVIL ACTION
TITLE: MINOSKA PENA V PAWT CREDIT UNION
FILING DATE: 04-11-2005 ASSIGNED TO TRIAL POOL:
DESIGNATED TO ARBITRATION:

| | | | |
|---|---|---|---|
| PAWT CREDIT UNION | BDF | Unknown,Attorney | AOR |
| PENA,MINOSKA B | PLF | Ovalles,Rafael A. | AOR |

| DOC. ID. | DATE | JUDGE | OUTCOME | EFFECTIVE DATE |
|---|---|---|---|---|
| KRH | 04-12-2005 | | | |
| COMPLAINT FILED | | | | |
| NM | 05-03-2005 | | | |
| NOTICE OF REMOVAL | | | | |
| NM | 05-03-2005 | | | |
| CASE REMOVED TO U.S. DISTRICT CT | | | | |

True Copy Attest

[signature]

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

3

(7)

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

PROVIDENCE, SC. SUPERIOR COURT

MINOSKA B. PENA :

Plaintiff, :

PC05-1813

v. :

JURY DEMANDED

PAWTUCKET CREDIT UNION, :

Defendant. :

COMPLAINT – CLASS ACTION

INTRODUCTION

1. Plaintiff Minoska B. Pena brings this action to secure redress for defendant's violations of the Electronic Funds Transfer Act, 15 U.S.C. §1693 et seq. ("EFTA"), and implementing Federal Reserve Board Regulation E, 12 C.F.R. part 205.

PARTIES

2. Plaintiff Minoska B. Pena is an individual who resides in Pawtucket, RI. She is not a customer of defendant Pawtucket Credit Union

3. Defendant Pawtucket Credit Union is a corporation with its principal offices at 1200 Central Avenue, Pawtucket, RI.

4. Pawtucket Credit Union maintains automated teller machines ("ATMs") at approximately 10 locations in Rhode Island.

#128336

FACTS

5. Within one year prior to the filing of this action, on or about April 6, 2005, plaintiff Pena conducted an electronic funds transfer at an automated teller machine ("ATM")

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

OCA
Y5
1519

SUPERIOR COURT
FILED
HENRY S. KINCH JR., CLERK
2005 APR 11 A 9:42

maintained by defendant. A copy of the receipt she received is attached as Exhibit A.

6. Any transaction carried out through an ATM is governed by EFTA. The EFTA, 15 U.S.C. §1693a, provides:

> . . . (6) the term "electronic fund transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, or computer or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions . . . .

7. Plaintiff was charged a $1 fee by the ATM.

## VIOLATION ALLEGED

8. Defendant Pawtucket Credit Union failed to notify the public, as required by law, that they will be required to pay a fee each time they use an ATM maintained by Pawtucket Credit Union unless they use a Pawtucket Credit Union debit or ATM card.

9. The EFTA, 15 U.S.C. §1693b, provides:

Regulations

(a) Prescription by Board. The Board shall prescribe regulations to carry out the purposes of this title *[15 USCS § § 1693* et seq.]. . . .

(d) Applicability to service providers other than certain financial institutions.

> (1) In general. If electronic fund transfer services are made available to consumers by a person other than a financial institution holding a consumer's account, the Board shall by regulation assure that the disclosures, protections, responsibilities, and remedies created by this title *[15 USCS § § 1693* et seq.] are made applicable to such persons and services. . . .

> (3) Fee disclosures at automated teller machines.

>> (A) In general. The regulations prescribed under paragraph (1) shall require any automated teller machine operator who imposes a



Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

fee on any consumer for providing host transfer services to such consumer to provide notice in accordance with subparagraph (B) to the consumer (at the time the service is provided) of --

(i) the fact that a fee is imposed by such operator for providing the service; and

(ii) the amount of any such fee.

(B) Notice requirements.

(i) On the machine. The notice required under clause (i) of subparagraph (A) with respect to any fee described in such subparagraph shall be posted in a prominent and conspicuous location on or at the automated teller machine at which the electronic fund transfer is initiated by the consumer.

(ii) On the screen. The notice required under clauses (i) and (ii) of subparagraph (A) with respect to any fee described in such subparagraph shall appear on the screen of the automated teller machine, or on a paper notice issued from such machine, after the transaction is initiated and before the consumer is irrevocably committed to completing the transaction, except that during the period beginning on the date of the enactment of the Gramm-Leach-Bliley Act [enacted Nov. 12, 1999] and ending on December 31, 2004, this clause shall not apply to any automated teller machine that lacks the technical capability to disclose the notice on the screen or to issue a paper notice after the transaction is initiated and before the consumer is irrevocably committed to completing the transaction.

(C) Prohibition on fees not properly disclosed and explicitly assumed by consumer. No fee may be imposed by any automated teller machine operator in connection with any electronic fund transfer initiated by a consumer for which a notice is required under subparagraph (A), unless--

(i) the consumer receives such notice in accordance with subparagraph (B); and



True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

(ii) the consumer elects to continue in the manner necessary to effect the transaction after receiving such notice.

(D) Definitions. For purposes of this paragraph, the following definitions shall apply:

(i) Automated teller machine operator. The term "automated teller machine operator" means any person who--

(I) operates an automated teller machine at which consumers initiate electronic fund transfers; and

(II) is not the financial institution that holds the account of such consumer from which the transfer is made.

(ii) Electronic fund transfer. The term "electronic fund transfer" includes a transaction that involves a balance inquiry initiated by a consumer in the same manner as an electronic fund transfer, whether or not the consumer initiates a transfer of funds in the course of the transaction.

(iii) Host transfer services. The term "host transfer services" means any electronic fund transfer made by an automated teller machine operator in connection with a transaction initiated by a consumer at an automated teller machine operated by such operator.

10. Regulation E, 12 C.F.R. § 205.16, provides:

Disclosures at automated teller machines.

(a) Definition. Automated teller machine operator means any person that operates an automated teller machine at which a consumer initiates an electronic fund transfer or a balance inquiry and that does not hold the account to or from which the transfer is made, or about which an inquiry is made.

(b) General. An automated teller machine operator that imposes a fee on a consumer for initiating an electronic fund transfer or a balance inquiry shall:

(1) Provide notice that a fee will be imposed for providing electronic fund



True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

transfer services or a balance inquiry; and

(2) Disclose the amount of the fee.

(c) Notice requirement. An automated teller machine operator must comply with the following:

(1) On the machine. Post the notice required by paragraph (b)(l) of this section in a prominent and conspicuous location on or at the automated teller machine; and

(2) Screen or paper notice. Provide the notice required by paragraphs (b)(1) and (b)(2) of this section either by showing it on the screen of the automated teller machine or by providing it on paper, before the consumer is committed to paying a fee.

(d) Temporary exemption. Through December 31, 2004, the notice requirement in paragraph (c)(2) of this section does not apply to any automated teller machine that lacks the technical capability to provide such information.

(e) Imposition of fee. An automated teller machine operator may impose a fee on a consumer for initiating an electronic fund transfer or a balance inquiry only if

(1) The consumer is provided the notices required under paragraph (c) of this section, and

(2) The consumer elects to continue the transaction or inquiry after receiving such notices.

11. Defendant Pawtucket Credit Union did not post a notice on its ATMs that complied with 15 U.S.C. §1693b and 12 C.F.R. §205.16. No notice whatsoever is posted outside the ATM.

12. The imposition of the charge without proper notice is unlawful.

13. The EFTA, 15 U.S.C. §1693m, provides:

Civil liability

(a) Individual or class action for damages; amount of award. Except as otherwise provided by this section and section 910 *[15 USCS §1693h]*, any person who fails to comply with any provision of this title *[15 USCS §§1693* et seq.] with respect to any consumer, except for an error resolved in accordance with section 908 *[15 USCS §1693f]*, is liable to such consumer in an amount equal to the sum of--

(1) any actual damage sustained by such consumer as a result of such

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

failure;

(2) (A) in the case of an individual action, an amount not less than $ 100 nor greater than $ 1,000; or

(B) in the case of a class action, such amount as the court may allow, except that (i) as to each member of the class no minimum recovery shall be applicable, and (ii) the total recovery under this subparagraph in any class action or series of class actions arising out of the same failure to comply by the same person shall not be more than the lesser of $ 500,000 or 1 per centum of the net worth of the defendant; and

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

(b) Factors determining amount of award. In determining the amount of liability in any action under subsection (a), the court shall consider, among other relevant factors--

(1) in any individual action under subsection (a)(2)(A), the frequency and persistence of noncompliance, the nature of such noncompliance, and the extent to which the noncompliance was intentional; or

(2) in any class action under subsection (a)(2)(B), the frequency and persistence of noncompliance, the nature of such noncompliance, the resources of the defendant, the number of persons adversely affected, and the extent to which the noncompliance was intentional.

. . . (g) Jurisdiction of courts; time for maintenance of action. Without regard to the amount in controversy, any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation.



True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

## CLASS ALLEGATIONS

14. Plaintiff seeks certification of a class pursuant to Rules 23(a) and (b)(3) of the Rhode Island Rules of Civil Procedure.

15. The class consists of (a) all persons who do not have an ATM or debit card issued by Pawtucket Credit Union and (b) who used an ATM maintained by Pawtucket Credit Union that was not posted with a clear and conspicuous notice stating that a fee of stated amount will be imposed upon persons using it who do not have an ATM or debit card issued by Pawtucket Credit Union (c) and were charged a fee (d) during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action.

16. The class is so numerous that joinder of all members is impracticable. There are more than 50 members of the class.

17. There are questions of law and fact common to the class, which questions predominate over any questions affecting only individual class members. The predominant common question is whether defendant's ATMs were posted with the notices required by law.

18. Plaintiff's claims are typical of the claims of the class members. All are based on the same legal and factual issues.

19. Plaintiff will fairly and adequately represent the members of the class. Plaintiff has retained counsel experienced in the prosecution of consumer credit claims and class actions.

20. A class action is superior for the fair and efficient prosecution of this litigation. Classwide liability is essential to cause defendant to stop its improper conduct. Many class members may be unaware that they have been victims of illegal conduct.

Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

WHEREFORE, plaintiff requests that the Court enter judgment in plaintiff's favor and in favor of the class for:

a. Appropriate compensatory and statutory damages;

b. Attorney's fees, litigation expenses and costs of suit;

c. Such other or further relief as is appropriate.

Christopher M. Lefebvre
CLAUDE LEFEBVRE, P.C.
Two Dexter Street
Pawtucket, RI 02860
(401) 728-6060
(401) 728-6534 (FAX)
B.B.O. # 629056

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

**JURY DEMAND**

Plaintiff demands trial by jury.

Christopher M. Lefebvre

j:\case\pawtucket14.321\pleading\cmplt.wpd



True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

# Exhibit A

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

CARD
*************5904
PCU

LOC 0B410
150 ROOSEVELT AVE
PAWTUCKET RI
RE
040605 5:12PM 6834

$20 CASH WITHDRAWAL
+$1.50 TERMINAL FEE
TOTAL $21.50
FROM-
SV :SAVINGS

BALANCE $8.32

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

STATE OF RHODE ISLAND
SUPERIOR COURT

CIVIL
CASE COVER SHEET

Case * (Filled in by Clerk's Office) PC05-1813

This form must be filed with each original document that comences a civil proceeding in the Clerk's Office. If the case is a District Court appeal, the form must be filed with the appeal in the District Court and will then be transferred with other documents to the Superior Court.

| PLAINTIFFS: | DEFENDANTS: |
|---|---|
| Minoska B. Pena<br>c/o Christopher M. Lefebvre<br>Two Dexter Street<br>Pawt. RI 02862 | Pawtucket Credit Union |

NATURE OF PROCEEDING — Check the applicable case type under main categories listed below. (check one only)

**District Court Appeal** ☐ Yes (check type below)

| | | |
|---|---|---|
| ☐ AGA Agency appeal | ☐ DTP Deceptive trade practice | ☐ PRN Promissory note |
| ☐ ANT Anti-trust | ☐ EXT Excessive tax | ☐ PRT Partition |
| ☐ ASB Assault and battery | ☐ FOR Forfeiture | ☐ RIC Reinstate charter |
| ☐ BKA Book account | ☐ FRJ Foreign Judgment | ☐ RLP Real property |
| ☐ CIC Criminal inj. compensation | ☐ IDV Personal inj./property dam-vehicle | ☐ ROF Recovery of funds |
| ☐ CLA Common law assignment | ☐ INR Injunctive relief | ☐ SAB Sexual abuse |
| ☐ CLL Common law lien | ☐ IPL Interpleader | ☐ SPP Specific performance |
| ☐ CON Contract | ☐ LIB Libel/slander | ☐ SXH Sexual harassment |
| ☐ CNV Conversion | ☐ MLE Malpractice/legal | ☐ TAE Trespass and ejectment |
| ☐ CRC Criminal conversation | ☐ MME Malpractice/medical | ☐ TCO Title clearing (other than tax title) |
| ☐ CRJ Civil Rights Job Discrimination | ☐ MOT Malpractice/other | ☐ TCT Trustee/appt convey title |
| ☐ DEJ Declaratory judgment | ☐ PDM Property damage | ☐ TRA Trustee/accounting |
| ☐ DIN Recovery of damages/insurance | ☐ PDV Property damage / vehicle | ☐ UNM Uninsured motorist |
| ☐ DOJ Debt on judgment | ☐ PER Personal injury | ☐ WOM Mandamus. Writ of |
| ☐ DPC Denial of probate claim | ☐ PIV Personal injury-vehicle | ☐ WOR Replevin, Writ of |
| ☒ Other than above (specify type): Consumer / Commercial Class Action | ☐ PRL Product liabilty | ☐ WRD Wrongful death |

#1-2363-6

MISCELLANEOUS PETITIONS

| | | |
|---|---|---|
| ☐ AOD Assessment of damages | ☐ EDP End partnership | ☐ PFR Petition for review |
| ☐ AOS Trustee successor | ☐ FOC Forfeiture of charter | ☐ PFS Perform surgery |
| ☐ AOT Trustee / appointment of | ☐ FRR Forclosure of right redemption | ☐ PIN Pet for inventory (wire tap) |
| ☐ ARA Arbitration award | ☐ GJI Grand jury investigation | ☐ PTD Pet to take deposition |
| ☐ CAR Arbitration /confirm | ☐ HAC Habeas corpus | ☐ PTE Petition to expunge |
| ☐ CFC Confirm compromise | ☐ LCN Level of community notification | ☐ R5A Rule 5A petition |
| ☐ CND Condemnation | ☐ MAW Material witness | ☐ REC Receivership |
| ☐ CNT Contempt | ☐ MEL Mechanics lien | ☐ RTA Arbitration referral |
| ☐ DOC Dissolution of corp. | ☐ OSW Out of state witness | ☐ SVP Sexually violent predator petition |
| ☐ DOT Trustee / declination of | ☐ PCR Post conviction relief | ☐ TCL Title clearing (tax title) |
| ☐ DSC Disclaimer | ☐ PFC Petition for constable | ☐ TLF Foreclosure / tax lien |
| ☐ Other than above (specify type): | ☐ PFI Petition for immunity | ☐ VAR Arbitration / vacate |

PROBATE APPEALS

☐ WIL Will ☐ TRS Trust ☐ GRD Guardianship ☐ NAC Name change

☐ Other than above (specify type):

Is this a case that may require a trial for resolution? ☒ Yes ☐ No If yes: ☒ Jury ☐ Non-jury

( Attorney name and Registration # Christopher M. Lefebvre #4019 (Date)

Pro se/Name

SUPERIOR COURT FILED HENRY S. KINCH JR. CLERK 2005 APR 11 A 9:45

True Copy Attest: Office of Clerk of Superior Court Counties of Providence & Bristol Rhode Island

SC-223 (Rev. 11/00)

(3)

UNITED STATES DISTRICT COURT
THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MINOSKA B. PENA<br><br>Plaintiff<br><br>v.<br><br>PAWTUCKET CREDIT UNION<br><br>Defendant | United States District Court<br><br>Civil Action No. CA 05 190 S<br><br>(Providence Superior Court<br>Civil Action No. 05-1813) |

NOTICE OF REMOVAL OF CIVIL ACTION

Please take notice that pursuant to 28 USC §1441 et al., defendant Pawtucket Credit Union removes Civil Action No. PC05-1813 entitled Minoska B. Pena v. Pawtucket Credit Union, currently pending in the Providence County Superior Court, Providence, Rhode Island to the United States District Court for the District of Rhode Island. The grounds for this removal are as follows:

BACKGROUND

1. In this lawsuit, the plaintiff has filed a class action to secure redress for defendant's alleged violations of the Electronic Funds Transfer Act, 15 USC §1693 et. seq. ("EFTA") and Federal Reserve Board Regulation E, 12 CFR Part 205. The plaintiff alleges that the defendant violated the Federal statute by failing to post on or near its automatic teller machines the fact that a fee is imposed by such operator for providing the service.

2. Pursuant to 28 USC §1331 the District Court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

3. Pursuant to 28 USC §1441(a) except as otherwise expressly provided by act of Congress, any civil action brought in a State Court of which the District Courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the District Court of the United States for the district and division embracing the place where such action is pending.

4. The United States District Court for the District of Rhode Island is the District Court for the district and division embracing matters pending at the Providence Superior Court, Providence, Rhode Island.

5. Diversity of citizenship is not a prerequisite, since this is a federal question.

6. This is a federal question and, therefore, the amount in controversy is not an issue.

7. This notice is being filed within 30 days of service of plaintiff's complaint on April 11, 2005. The complaint was the initial pleading in this matter. The service of the complaint was the first receipt by the defendant of the initial pleading.

8. A true and correct copy of the summons and complaint served upon the defendant as of the time of the filing of this Notice of Removal is attached hereto as Exhibit 1 pursuant to 28 USC §1446(a).

9. True and correct copies of the Notice of Removal will be served upon plaintiff's counsel and filed with the Clerk of Providence County Superior Court, Providence, Rhode Island.

10. Within ten days after filing this Notice of Removal, the defendant Pawtucket Credit Union will file in this Court certified copies of all state court records and proceedings and a certified copy of all state court docket entries, including a copy of the notice of removal.

11. In filing the Petition for Removal and the accompanying Notice of Removal the defendant does not waive any of its defenses available in this action.

PAWTUCKET CREDIT UNION,

By its attorneys,

Kevin C. Cain, #3960
PEABODY & ARNOLD LLP
30 Rowes Wharf
Boston, MA 02110
(617) 951-2100

CERTIFICATE OF SERVICE

I, Kevin C. Cain, hereby certify this 3rd day of May, 2005 that I served a copy of the foregoing document by first-class mail, postage prepaid upon Christopher M. Lefebvre, Esq., Claude Lefebvre, P.C., Two Dexter Street, Pawtucket, Rhode Island and to Daniel A. Edelman, Edelman, Combs, Latturner & Goodwin, LLC, 120 S. LaSalle Street, 18th Floor, Chicago, IL 60603.

Kevin C. Cain

PABOS2:FCONNEL:613766_1
193-91198

# State of Rhode Island and Providence Plantations

## SUPERIOR COURT

[x] PROVIDENCE/BRISTOL [ ] KENT [ ] WASHINGTON [ ] NEWPORT

CIVIL ACTION, FILE No. PC05-1813

Minoska B. Pena
Plaintiff

Pawtucket Credit Union
Defendant

***Summons***

*To the above-named Defendant:*

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon Christopher M. Lefebvre Esq Plaintiff's attorney, whose address is 2 Dexter Street PO Box 479 Pawtucket, RI 02862 an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you, exclusive of the day of service. 4-11-05

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

CLERK

Dated: 4-11-05

(Seal of the Superior Court)

TRUE COPY ATTEST
THOMAS NOURY
P.O. BOX 114026
NORTH PROVIDENCE, RI 02911

4/11/05

S- 135 (REV. 10/00)

**STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS**

**PROVIDENCE, SC.** **SUPERIOR COURT**

| | | |
|---|---|---|
| **MINOSKA B. PENA** | : | PC05-1813 |
| **Plaintiff,** | : | |
| **v.** | : | **JURY DEMANDED** |
| **PAWTUCKET CREDIT UNION,** | : | |
| **Defendant.** | : | |

## COMPLAINT – CLASS ACTION

## INTRODUCTION

1. Plaintiff Minoska B. Pena brings this action to secure redress for defendant's violations of the Electronic Funds Transfer Act, 15 U.S.C. §1693 et seq. ("EFTA"), and implementing Federal Reserve Board Regulation E, 12 C.F.R. part 205.

## PARTIES

2. Plaintiff Minoska B. Pena is an individual who resides in Pawtucket, RI. She is not a customer of defendant Pawtucket Credit Union

3. Defendant Pawtucket Credit Union is a corporation with its principal offices at 1200 Central Avenue, Pawtucket, RI.

4. Pawtucket Credit Union maintains automated teller machines ("ATMs") at approximately 10 locations in Rhode Island.

## FACTS

5. Within one year prior to the filing of this action, on or about April 6, 2005, plaintiff Pena conducted an electronic funds transfer at an automated teller machine ("ATM")

#128336



SUPERIOR COURT
FILED
HENRY S. KINCH JR., CLERK
2005 APR 11 A 9:42

OCA
YJ
4519

maintained by defendant. A copy of the receipt she received is attached as Exhibit A.

6. Any transaction carried out through an ATM is governed by EFTA. The EFTA, 15 U.S.C. §1693a, provides:

> . . . (6) the term "electronic fund transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, or computer or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions . . . .

7. Plaintiff was charged a $1 fee by the ATM.

## VIOLATION ALLEGED

8. Defendant Pawtucket Credit Union failed to notify the public, as required by law, that they will be required to pay a fee each time they use an ATM maintained by Pawtucket Credit Union unless they use a Pawtucket Credit Union debit or ATM card.

9. The EFTA, 15 U.S.C. §1693b, provides:

> Regulations
>
> (a) Prescription by Board. The Board shall prescribe regulations to carry out the purposes of this title *[15 USCS § § 1693* et seq.]. . . .
>
> (d) Applicability to service providers other than certain financial institutions.
>
> > (1) In general. If electronic fund transfer services are made available to consumers by a person other than a financial institution holding a consumer's account, the Board shall by regulation assure that the disclosures, protections, responsibilities, and remedies created by this title *[15 USCS § § 1693* et seq.] are made applicable to such persons and services. . . .
> >
> > (3) Fee disclosures at automated teller machines.
> >
> > > (A) In general. The regulations prescribed under paragraph (1) shall require any automated teller machine operator who imposes a

fee on any consumer for providing host transfer services to such consumer to provide notice in accordance with subparagraph (B) to the consumer (at the time the service is provided) of --

(i) the fact that a fee is imposed by such operator for providing the service; and

(ii) the amount of any such fee.

(B) Notice requirements.

(i) On the machine. The notice required under clause (i) of subparagraph (A) with respect to any fee described in such subparagraph shall be posted in a prominent and conspicuous location on or at the automated teller machine at which the electronic fund transfer is initiated by the consumer.

(ii) On the screen. The notice required under clauses (i) and (ii) of subparagraph (A) with respect to any fee described in such subparagraph shall appear on the screen of the automated teller machine, or on a paper notice issued from such machine, after the transaction is initiated and before the consumer is irrevocably committed to completing the transaction, except that during the period beginning on the date of the enactment of the Gramm-Leach-Bliley Act [enacted Nov. 12, 1999] and ending on December 31, 2004, this clause shall not apply to any automated teller machine that lacks the technical capability to disclose the notice on the screen or to issue a paper notice after the transaction is initiated and before the consumer is irrevocably committed to completing the transaction.

(C) Prohibition on fees not properly disclosed and explicitly assumed by consumer. No fee may be imposed by any automated teller machine operator in connection with any electronic fund transfer initiated by a consumer for which a notice is required under subparagraph (A), unless--

(i) the consumer receives such notice in accordance with subparagraph (B); and

(ii) the consumer elects to continue in the manner necessary to effect the transaction after receiving such notice.

(D) Definitions. For purposes of this paragraph, the following definitions shall apply:

(i) Automated teller machine operator. The term "automated teller machine operator" means any person who--

(I) operates an automated teller machine at which consumers initiate electronic fund transfers; and

(II) is not the financial institution that holds the account of such consumer from which the transfer is made.

(ii) Electronic fund transfer. The term "electronic fund transfer" includes a transaction that involves a balance inquiry initiated by a consumer in the same manner as an electronic fund transfer, whether or not the consumer initiates a transfer of funds in the course of the transaction.

(iii) Host transfer services. The term "host transfer services" means any electronic fund transfer made by an automated teller machine operator in connection with a transaction initiated by a consumer at an automated teller machine operated by such operator.

10. Regulation E, 12 C.F.R. § 205.16, provides:

Disclosures at automated teller machines.

(a) Definition. Automated teller machine operator means any person that operates an automated teller machine at which a consumer initiates an electronic fund transfer or a balance inquiry and that does not hold the account to or from which the transfer is made, or about which an inquiry is made.

(b) General. An automated teller machine operator that imposes a fee on a consumer for initiating an electronic fund transfer or a balance inquiry shall:

(1) Provide notice that a fee will be imposed for providing electronic fund

transfer services or a balance inquiry; and

(2) Disclose the amount of the fee.

(c) Notice requirement. An automated teller machine operator must comply with the following:

(1) On the machine. Post the notice required by paragraph (b)(l) of this section in a prominent and conspicuous location on or at the automated teller machine; and

(2) Screen or paper notice. Provide the notice required by paragraphs (b)(1) and (b)(2) of this section either by showing it on the screen of the automated teller machine or by providing it on paper, before the consumer is committed to paying a fee.

(d) Temporary exemption. Through December 31, 2004, the notice requirement in paragraph (c)(2) of this section does not apply to any automated teller machine that lacks the technical capability to provide such information.

(e) Imposition of fee. An automated teller machine operator may impose a fee on a consumer for initiating an electronic fund transfer or a balance inquiry only if

(1) The consumer is provided the notices required under paragraph (c) of this section, and

(2) The consumer elects to continue the transaction or inquiry after receiving such notices.

11. Defendant Pawtucket Credit Union did not post a notice on its ATMs that complied with 15 U.S.C. §1693b and 12 C.F.R. §205.16. No notice whatsoever is posted outside the ATM.

12. The imposition of the charge without proper notice is unlawful.

13. The EFTA, 15 U.S.C. §1693m, provides:

Civil liability

(a) Individual or class action for damages; amount of award. Except as otherwise provided by this section and section 910 *[15 USCS §1693h]*, any person who fails to comply with any provision of this title *[15 USCS §§1693* et seq.] with respect to any consumer, except for an error resolved in accordance with section 908 *[15 USCS §1693f]*, is liable to such consumer in an amount equal to the sum of--

(1) any actual damage sustained by such consumer as a result of such

failure;

(2) (A) in the case of an individual action, an amount not less than $ 100 nor greater than $ 1,000; or

(B) in the case of a class action, such amount as the court may allow, except that (i) as to each member of the class no minimum recovery shall be applicable, and (ii) the total recovery under this subparagraph in any class action or series of class actions arising out of the same failure to comply by the same person shall not be more than the lesser of $ 500,000 or 1 per centum of the net worth of the defendant; and

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

(b) Factors determining amount of award. In determining the amount of liability in any action under subsection (a), the court shall consider, among other relevant factors--

(1) in any individual action under subsection (a)(2)(A), the frequency and persistence of noncompliance, the nature of such noncompliance, and the extent to which the noncompliance was intentional; or

(2) in any class action under subsection (a)(2)(B), the frequency and persistence of noncompliance, the nature of such noncompliance, the resources of the defendant, the number of persons adversely affected, and the extent to which the noncompliance was intentional.

. . . (g) Jurisdiction of courts; time for maintenance of action. Without regard to the amount in controversy, any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation.

## CLASS ALLEGATIONS

14. Plaintiff seeks certification of a class pursuant to Rules 23(a) and (b)(3) of the Rhode Island Rules of Civil Procedure.

15. The class consists of (a) all persons who do not have an ATM or debit card issued by Pawtucket Credit Union and (b) who used an ATM maintained by Pawtucket Credit Union that was not posted with a clear and conspicuous notice stating that a fee of stated amount will be imposed upon persons using it who do not have an ATM or debit card issued by Pawtucket Credit Union (c) and were charged a fee (d) during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action.

16. The class is so numerous that joinder of all members is impracticable. There are more than 50 members of the class.

17. There are questions of law and fact common to the class, which questions predominate over any questions affecting only individual class members. The predominant common question is whether defendant's ATMs were posted with the notices required by law.

18. Plaintiff's claims are typical of the claims of the class members. All are based on the same legal and factual issues.

19. Plaintiff will fairly and adequately represent the members of the class. Plaintiff has retained counsel experienced in the prosecution of consumer credit claims and class actions.

20. A class action is superior for the fair and efficient prosecution of this litigation. Classwide liability is essential to cause defendant to stop its improper conduct. Many class members may be unaware that they have been victims of illegal conduct.

WHEREFORE, plaintiff requests that the Court enter judgment in plaintiff's favor and in favor of the class for:

a. Appropriate compensatory and statutory damages;

b. Attorney's fees, litigation expenses and costs of suit;

c. Such other or further relief as is appropriate.

Christopher M. Lefebvre
CLAUDE LEFEBVRE, P.C.
Two Dexter Street
Pawtucket, RI 02860
(401) 728-6060
(401) 728-6534 (FAX)
B.B.O. # 629056

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

**JURY DEMAND**

Plaintiff demands trial by jury.

Christopher M. Lefebvre

j:\case\pawtucket14.321\pleading\cmplt.wpd

# Exhibit A

CARD
*************5904
PCU

LOC 0B410
150 ROOSEVELT AVE
PAWTUCKET RI
RE
040605 5:12PM 6834

$20 CASH WITHDRAWAL
+$1.50 TERMINAL FEE
TOTAL $21.50
FROM-
SV :SAVINGS

BALANCE $8.32

UNITED STATES DISTRICT COURT
THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MINOSKA B. PENA<br><br>Plaintiff<br><br>v.<br><br>PAWTUCKET CREDIT UNION<br><br>Defendant | United States District Court<br><br>Civil Action No. CA 05 190 S<br><br>(Providence Superior Court<br>Civil Action No. 05-1813) |

PETITION FOR REMOVAL OF CIVIL ACTION

Please take notice that pursuant to 28 USC §1441 et al., defendant Pawtucket Credit Union petitions the Court to remove Civil Action No. PC05-1813 entitled Minoska B. Pena v. Pawtucket Credit Union, currently pending in the Providence County Superior Court, Providence, Rhode Island to the United States District Court for the District of Rhode Island. The Notice of Removal of Civil Action is attached hereto. The grounds for this removal are as follows:

BACKGROUND

1. In this lawsuit, the plaintiff has filed a class action to secure redress for defendant's alleged violations of the Electronic Funds Transfer Act, 15 USC §1693 et. seq. ("EFTA") and Federal Reserve Board Regulation E, 12 CFR Part 205. The plaintiff alleges that the defendant violated the Federal statute by failing to post on or near its automatic teller machines the fact that a fee is imposed by such operator for providing the service.

2. Pursuant to 28 USC §1331 the District Court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

3. Pursuant to 28 USC §1441(a) except as otherwise expressly provided by act of Congress, any civil action brought in a State Court of which the District Courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the District Court of the United States for the district and division embracing the place where such action is pending.

4. The United States District Court for the District of Rhode Island is the District Court for the district and division embracing matters pending at the Providence Superior Court, Providence, Rhode Island.

5. Diversity of citizenship is not a prerequisite, since this is a federal question.

6. This is a federal question and, therefore, the amount in controversy is not an issue.

7. This notice is being filed within 30 days of service of plaintiff's complaint on April 11, 2005. The complaint was the initial pleading in this matter. The service of the complaint was the first receipt by the defendant of the initial pleading.

8. A true and correct copy of the summons and complaint served upon the defendant as of the time of the filing of this Notice of Removal is attached hereto as Exhibit 1 pursuant to 28 USC §1446(a).

9. True and correct copies of the attached Notice of Removal will be served upon plaintiff's counsel and filed with the Clerk of Providence County Superior Court, Providence, Rhode Island.

10. Within ten days after filing this petition for removal, the defendant Pawtucket Credit Union will file in this Court certified copies of all state court records and proceedings and a certified copy of all state court docket entries, including a copy of the notice of removal.

11. In filing this Petition for Removal and the accompanying Notice of Removal the defendant does not waive any of its defenses available in this action.

WHEREFORE, defendant Pawtucket Credit Union respectfully asks this Court to grant its petition for removal.

PAWTUCKET CREDIT UNION,

By its attorneys,

Kevin C. Cain, #3960
PEABODY & ARNOLD LLP
30 Rowes Wharf
Boston, MA 02110
(617) 951-2100

CERTIFICATE OF SERVICE

I, Kevin C. Cain, hereby certify this 3rd day of May, 2005 that I served a copy of the foregoing document by first-class mail, postage prepaid upon Christopher M. Lefebvre, Esq., Claude Lefebvre, P.C., Two Dexter Street, Pawtucket, Rhode Island and to Daniel A. Edelman, Edelman, Combs, Latturner & Goodwin, LLC, 120 S. LaSalle Street, 18th Floor, Chicago, IL 60603.

Kevin C. Cain

PABOS2:FCONNEL:613766_1
193-91198

# State of Rhode Island and Providence Plantations

## SUPERIOR COURT

[x] PROVIDENCE/BRISTOL [ ] KENT [ ] WASHINGTON [ ] NEWPORT

CIVIL ACTION, FILE No. PC05-1813

Minoska B. Pena
Plaintiff

Pawtucket Credit Union
Defendant

***Summons***

*To the above-named Defendant:*

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon Christopher M. Lefebvre Esq Plaintiff's attorney, whose address is 2 Dexter Street PO Box 479 Pawtucket, RI 02862 an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you, exclusive of the day of service. 4-11-05

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

[signature]
CLERK

Dated: 4-11-05

(Seal of the Superior Court)

TRUE COPY ATTEST
THOMAS NOURY
P.O. BOX 114026
NORTH PROVIDENCE, RI 02911
4/11/05
[signature]

S-135 (REV. 10/00)

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

PROVIDENCE, SC. SUPERIOR COURT

MINOSKA B. PENA :

Plaintiff, : PC05-1813

v. :

JURY DEMANDED

PAWTUCKET CREDIT UNION, :

Defendant. :

## COMPLAINT – CLASS ACTION

## INTRODUCTION

1. Plaintiff Minoska B. Pena brings this action to secure redress for defendant's violations of the Electronic Funds Transfer Act, 15 U.S.C. §1693 et seq. ("EFTA"), and implementing Federal Reserve Board Regulation E, 12 C.F.R. part 205.

## PARTIES

2. Plaintiff Minoska B. Pena is an individual who resides in Pawtucket, RI. She is not a customer of defendant Pawtucket Credit Union

3. Defendant Pawtucket Credit Union is a corporation with its principal offices at 1200 Central Avenue, Pawtucket, RI.

4. Pawtucket Credit Union maintains automated teller machines ("ATMs") at approximately 10 locations in Rhode Island.

## FACTS

5. Within one year prior to the filing of this action, on or about April 6, 2005, plaintiff Pena conducted an electronic funds transfer at an automated teller machine ("ATM")

#128336

OCA
YJ
4519

SUPERIOR COURT
FILED
HENRY S. KINCH JR., CLERK
2005 APR 11 A 9:42

maintained by defendant. A copy of the receipt she received is attached as Exhibit A.

6. Any transaction carried out through an ATM is governed by EFTA. The EFTA, 15 U.S.C. §1693a, provides:

> . . . (6) the term "electronic fund transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, or computer or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions . . . .

7. Plaintiff was charged a $1 fee by the ATM.

## VIOLATION ALLEGED

8. Defendant Pawtucket Credit Union failed to notify the public, as required by law, that they will be required to pay a fee each time they use an ATM maintained by Pawtucket Credit Union unless they use a Pawtucket Credit Union debit or ATM card.

9. The EFTA, 15 U.S.C. §1693b, provides:

> Regulations
>
> (a) Prescription by Board. The Board shall prescribe regulations to carry out the purposes of this title *[15 USCS § § 1693* et seq.]. . . .
>
> (d) Applicability to service providers other than certain financial institutions.
>
> (1) In general. If electronic fund transfer services are made available to consumers by a person other than a financial institution holding a consumer's account, the Board shall by regulation assure that the disclosures, protections, responsibilities, and remedies created by this title *[15 USCS § § 1693* et seq.] are made applicable to such persons and services. . . .
>
> (3) Fee disclosures at automated teller machines.
>
> (A) In general. The regulations prescribed under paragraph (1) shall require any automated teller machine operator who imposes a

fee on any consumer for providing host transfer services to such consumer to provide notice in accordance with subparagraph (B) to the consumer (at the time the service is provided) of --

(i) the fact that a fee is imposed by such operator for providing the service; and

(ii) the amount of any such fee.

(B) Notice requirements.

(i) On the machine. The notice required under clause (i) of subparagraph (A) with respect to any fee described in such subparagraph shall be posted in a prominent and conspicuous location on or at the automated teller machine at which the electronic fund transfer is initiated by the consumer.

(ii) On the screen. The notice required under clauses (i) and (ii) of subparagraph (A) with respect to any fee described in such subparagraph shall appear on the screen of the automated teller machine, or on a paper notice issued from such machine, after the transaction is initiated and before the consumer is irrevocably committed to completing the transaction, except that during the period beginning on the date of the enactment of the Gramm-Leach-Bliley Act [enacted Nov. 12, 1999] and ending on December 31, 2004, this clause shall not apply to any automated teller machine that lacks the technical capability to disclose the notice on the screen or to issue a paper notice after the transaction is initiated and before the consumer is irrevocably committed to completing the transaction.

(C) Prohibition on fees not properly disclosed and explicitly assumed by consumer. No fee may be imposed by any automated teller machine operator in connection with any electronic fund transfer initiated by a consumer for which a notice is required under subparagraph (A), unless--

(i) the consumer receives such notice in accordance with subparagraph (B); and

(ii) the consumer elects to continue in the manner necessary to effect the transaction after receiving such notice.

(D) Definitions. For purposes of this paragraph, the following definitions shall apply:

(i) Automated teller machine operator. The term "automated teller machine operator" means any person who--

(I) operates an automated teller machine at which consumers initiate electronic fund transfers; and

(II) is not the financial institution that holds the account of such consumer from which the transfer is made.

(ii) Electronic fund transfer. The term "electronic fund transfer" includes a transaction that involves a balance inquiry initiated by a consumer in the same manner as an electronic fund transfer, whether or not the consumer initiates a transfer of funds in the course of the transaction.

(iii) Host transfer services. The term "host transfer services" means any electronic fund transfer made by an automated teller machine operator in connection with a transaction initiated by a consumer at an automated teller machine operated by such operator.

10. Regulation E, 12 C.F.R. § 205.16, provides:

Disclosures at automated teller machines.

(a) Definition. Automated teller machine operator means any person that operates an automated teller machine at which a consumer initiates an electronic fund transfer or a balance inquiry and that does not hold the account to or from which the transfer is made, or about which an inquiry is made.

(b) General. An automated teller machine operator that imposes a fee on a consumer for initiating an electronic fund transfer or a balance inquiry shall:

(1) Provide notice that a fee will be imposed for providing electronic fund

transfer services or a balance inquiry; and

(2) Disclose the amount of the fee.

(c) Notice requirement. An automated teller machine operator must comply with the following:

(1) On the machine. Post the notice required by paragraph (b)(l) of this section in a prominent and conspicuous location on or at the automated teller machine; and

(2) Screen or paper notice. Provide the notice required by paragraphs (b)(1) and (b)(2) of this section either by showing it on the screen of the automated teller machine or by providing it on paper, before the consumer is committed to paying a fee.

(d) Temporary exemption. Through December 31, 2004, the notice requirement in paragraph (c)(2) of this section does not apply to any automated teller machine that lacks the technical capability to provide such information.

(e) Imposition of fee. An automated teller machine operator may impose a fee on a consumer for initiating an electronic fund transfer or a balance inquiry only if

(1) The consumer is provided the notices required under paragraph (c) of this section, and

(2) The consumer elects to continue the transaction or inquiry after receiving such notices.

11. Defendant Pawtucket Credit Union did not post a notice on its ATMs that complied with 15 U.S.C. §1693b and 12 C.F.R. §205.16. No notice whatsoever is posted outside the ATM.

12. The imposition of the charge without proper notice is unlawful.

13. The EFTA, 15 U.S.C. §1693m, provides:

Civil liability

(a) Individual or class action for damages; amount of award. Except as otherwise provided by this section and section 910 *[15 USCS §1693h]*, any person who fails to comply with any provision of this title *[15 USCS §§1693* et seq.] with respect to any consumer, except for an error resolved in accordance with section 908 *[15 USCS §1693f]*, is liable to such consumer in an amount equal to the sum of--

(1) any actual damage sustained by such consumer as a result of such

failure;

(2) (A) in the case of an individual action, an amount not less than $ 100 nor greater than $ 1,000; or

(B) in the case of a class action, such amount as the court may allow, except that (i) as to each member of the class no minimum recovery shall be applicable, and (ii) the total recovery under this subparagraph in any class action or series of class actions arising out of the same failure to comply by the same person shall not be more than the lesser of $ 500,000 or 1 per centum of the net worth of the defendant; and

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

(b) Factors determining amount of award. In determining the amount of liability in any action under subsection (a), the court shall consider, among other relevant factors--

(1) in any individual action under subsection (a)(2)(A), the frequency and persistence of noncompliance, the nature of such noncompliance, and the extent to which the noncompliance was intentional; or

(2) in any class action under subsection (a)(2)(B), the frequency and persistence of noncompliance, the nature of such noncompliance, the resources of the defendant, the number of persons adversely affected, and the extent to which the noncompliance was intentional.

. . . (g) Jurisdiction of courts; time for maintenance of action. Without regard to the amount in controversy, any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation.

**CLASS ALLEGATIONS**

14. Plaintiff seeks certification of a class pursuant to Rules 23(a) and (b)(3) of the Rhode Island Rules of Civil Procedure.

15. The class consists of (a) all persons who do not have an ATM or debit card issued by Pawtucket Credit Union and (b) who used an ATM maintained by Pawtucket Credit Union that was not posted with a clear and conspicuous notice stating that a fee of stated amount will be imposed upon persons using it who do not have an ATM or debit card issued by Pawtucket Credit Union (c) and were charged a fee (d) during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action.

16. The class is so numerous that joinder of all members is impracticable. There are more than 50 members of the class.

17. There are questions of law and fact common to the class, which questions predominate over any questions affecting only individual class members. The predominant common question is whether defendant's ATMs were posted with the notices required by law.

18. Plaintiff's claims are typical of the claims of the class members. All are based on the same legal and factual issues.

19. Plaintiff will fairly and adequately represent the members of the class. Plaintiff has retained counsel experienced in the prosecution of consumer credit claims and class actions.

20. A class action is superior for the fair and efficient prosecution of this litigation. Classwide liability is essential to cause defendant to stop its improper conduct. Many class members may be unaware that they have been victims of illegal conduct.

WHEREFORE, plaintiff requests that the Court enter judgment in plaintiff's favor and in favor of the class for:

a. Appropriate compensatory and statutory damages;

b. Attorney's fees, litigation expenses and costs of suit;

c. Such other or further relief as is appropriate.

Christopher M. Lefebvre
CLAUDE LEFEBVRE, P.C.
Two Dexter Street
Pawtucket, RI 02860
(401) 728-6060
(401) 728-6534 (FAX)
B.B.O. # 629056

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## JURY DEMAND

Plaintiff demands trial by jury.

Christopher M. Lefebvre

j:\case\pawtucket14.321\pleading\cmplt.wpd

# Exhibit A

CARD
*************5904
PCU

LOC 0B410
150 ROOSEVELT AVE
PAWTUCKET RI
RE
040605 5:12PM 6834

$20 CASH WITHDRAWAL
+$1.50 TERMINAL FEE
TOTAL $21.50
FROM-
SV :SAVINGS

BALANCE $8.32

UNITED STATES DISTRICT COURT
THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MINOSKA B. PENA<br><br>Plaintiff<br><br>v.<br><br>PAWTUCKET CREDIT UNION<br><br>Defendant | United States District Court<br><br>Civil Action No. CA 05 190 S<br><br>(Providence Superior Court<br>Civil Action No. 05-1813) |

NOTICE OF REMOVAL OF CIVIL ACTION

Please take notice that pursuant to 28 USC §1441 et al., defendant Pawtucket Credit Union removes Civil Action No. PC05-1813 entitled Minoska B. Pena v. Pawtucket Credit Union, currently pending in the Providence County Superior Court, Providence, Rhode Island to the United States District Court for the District of Rhode Island. The grounds for this removal are as follows:

BACKGROUND

1. In this lawsuit, the plaintiff has filed a class action to secure redress for defendant's alleged violations of the Electronic Funds Transfer Act, 15 USC §1693 et. seq. ("EFTA") and Federal Reserve Board Regulation E, 12 CFR Part 205. The plaintiff alleges that the defendant violated the Federal statute by failing to post on or near its automatic teller machines the fact that a fee is imposed by such operator for providing the service.

2. Pursuant to 28 USC §1331 the District Court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

3. Pursuant to 28 USC §1441(a) except as otherwise expressly provided by act of Congress, any civil action brought in a State Court of which the District Courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the District Court of the United States for the district and division embracing the place where such action is pending.

4. The United States District Court for the District of Rhode Island is the District Court for the district and division embracing matters pending at the Providence Superior Court, Providence, Rhode Island.

5. Diversity of citizenship is not a prerequisite, since this is a federal question.

6. This is a federal question and, therefore, the amount in controversy is not an issue.

7. This notice is being filed within 30 days of service of plaintiff's complaint on April 11, 2005. The complaint was the initial pleading in this matter. The service of the complaint was the first receipt by the defendant of the initial pleading.

8. A true and correct copy of the summons and complaint served upon the defendant as of the time of the filing of this Notice of Removal is attached hereto as Exhibit 1 pursuant to 28 USC §1446(a).

9. True and correct copies of the Notice of Removal will be served upon plaintiff's counsel and filed with the Clerk of Providence County Superior Court, Providence, Rhode Island.

10. Within ten days after filing this Notice of Removal, the defendant Pawtucket Credit Union will file in this Court certified copies of all state court records and proceedings and a certified copy of all state court docket entries, including a copy of the notice of removal.

11. In filing the Petition for Removal and the accompanying Notice of Removal the defendant does not waive any of its defenses available in this action.

PAWTUCKET CREDIT UNION,

By its attorneys,

Kevin C. Cain, #3960
PEABODY & ARNOLD LLP
30 Rowes Wharf
Boston, MA 02110
(617) 951-2100

CERTIFICATE OF SERVICE

I, Kevin C. Cain, hereby certify this 3rd day of May, 2005 that I served a copy of the foregoing document by first-class mail, postage prepaid upon Christopher M. Lefebvre, Esq., Claude Lefebvre, P.C., Two Dexter Street, Pawtucket, Rhode Island and to Daniel A. Edelman, Edelman, Combs, Latturner & Goodwin, LLC, 120 S. LaSalle Street, 18th Floor, Chicago, IL 60603.

Kevin C. Cain

PABOS2:FCONNEL:613766_1
193-91198

APR-14-2005 14:23 CUNA LEGAL P.03
002/013

# State of Rhode Island and Providence Plantations
## SUPERIOR COURT

[x] PROVIDENCE/BRISTOL [ ] KENT [ ] WASHINGTON [ ] NEWPORT

CIVIL ACTION, FILE No. PC05-1813

Minoska B. Pena
Plaintiff

Pawtucket Credit Union
Defendant

**Summons**

*To the above-named Defendant:*

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon Christopher M. Lefebvre Esq Plaintiff's attorney, whose address is 2 Dexter Street PO Box 429 Pawtucket, RI 02862 an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you, exclusive of the day of service. 4-11-05

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

[signature]
CLERK

Dated: 4-11-05

(Seal of the Superior Court)

TRUE COPY ATTEST
THOMAS NOURY
P.O. BOX 114026
NORTH PROVIDENCE, RI 02911
4/11/05
[signature]

S-135 (REV. 10/00)

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

PROVIDENCE, SC. SUPERIOR COURT

MINOSKA B. PENA :
Plaintiff, :
v. :
PAWTUCKET CREDIT UNION, :
Defendant. :

PC05-1813

JURY DEMANDED

COMPLAINT – CLASS ACTION

INTRODUCTION

1. Plaintiff Minoska B. Pena brings this action to secure redress for defendant's violations of the Electronic Funds Transfer Act, 15 U.S.C. §1693 et seq. ("EFTA"), and implementing Federal Reserve Board Regulation E, 12 C.F.R. part 205.

PARTIES

2. Plaintiff Minoska B. Pena is an individual who resides in Pawtucket, RI. She is not a customer of defendant Pawtucket Credit Union

3. Defendant Pawtucket Credit Union is a corporation with its principal offices at 1200 Central Avenue, Pawtucket, RI.

4. Pawtucket Credit Union maintains automated teller machines ("ATMs") at approximately 10 locations in Rhode Island.

FACTS

5. Within one year prior to the filing of this action, on or about April 6, 2005, plaintiff Pena conducted an electronic funds transfer at an automated teller machine ("ATM")

#128336

SUPERIOR COURT
FILED
HENRY S. KINCH JR., CLERK
2005 APR 11 A 9:42

OCA
YJ
4519

maintained by defendant. A copy of the receipt she received is attached as Exhibit A.

6. Any transaction carried out through an ATM is governed by EFTA. The EFTA, 15 U.S.C. §1693a, provides:

> . . . (6) the term "electronic fund transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, or computer or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions . . . .

7. Plaintiff was charged a $1 fee by the ATM.

**VIOLATION ALLEGED**

8. Defendant Pawtucket Credit Union failed to notify the public, as required by law, that they will be required to pay a fee each time they use an ATM maintained by Pawtucket Credit Union unless they use a Pawtucket Credit Union debit or ATM card.

9. The EFTA, 15 U.S.C. §1693b, provides:

> Regulations
>
> (a) Prescription by Board. The Board shall prescribe regulations to carry out the purposes of this title *[15 USCS § § 1693* et seq.]. . . .
>
> (d) Applicability to service providers other than certain financial institutions.
>
> (1) In general. If electronic fund transfer services are made available to consumers by a person other than a financial institution holding a consumer's account, the Board shall by regulation assure that the disclosures, protections, responsibilities, and remedies created by this title *[15 USCS § § 1693* et seq.] are made applicable to such persons and services. . . .
>
> (3) Fee disclosures at automated teller machines.
>
> (A) In general. The regulations prescribed under paragraph (1) shall require any automated teller machine operator who imposes a

fee on any consumer for providing host transfer services to such consumer to provide notice in accordance with subparagraph (B) to the consumer (at the time the service is provided) of --

(i) the fact that a fee is imposed by such operator for providing the service; and

(ii) the amount of any such fee.

(B) Notice requirements.

(i) On the machine. The notice required under clause (i) of subparagraph (A) with respect to any fee described in such subparagraph shall be posted in a prominent and conspicuous location on or at the automated teller machine at which the electronic fund transfer is initiated by the consumer.

(ii) On the screen. The notice required under clauses (i) and (ii) of subparagraph (A) with respect to any fee described in such subparagraph shall appear on the screen of the automated teller machine, or on a paper notice issued from such machine, after the transaction is initiated and before the consumer is irrevocably committed to completing the transaction, except that during the period beginning on the date of the enactment of the Gramm-Leach-Bliley Act [enacted Nov. 12, 1999] and ending on December 31, 2004, this clause shall not apply to any automated teller machine that lacks the technical capability to disclose the notice on the screen or to issue a paper notice after the transaction is initiated and before the consumer is irrevocably committed to completing the transaction.

(C) Prohibition on fees not properly disclosed and explicitly assumed by consumer. No fee may be imposed by any automated teller machine operator in connection with any electronic fund transfer initiated by a consumer for which a notice is required under subparagraph (A), unless--

(i) the consumer receives such notice in accordance with subparagraph (B); and

(ii) the consumer elects to continue in the manner necessary to effect the transaction after receiving such notice.

(D) Definitions. For purposes of this paragraph, the following definitions shall apply:

(i) Automated teller machine operator. The term "automated teller machine operator" means any person who--

(I) operates an automated teller machine at which consumers initiate electronic fund transfers; and

(II) is not the financial institution that holds the account of such consumer from which the transfer is made.

(ii) Electronic fund transfer. The term "electronic fund transfer" includes a transaction that involves a balance inquiry initiated by a consumer in the same manner as an electronic fund transfer, whether or not the consumer initiates a transfer of funds in the course of the transaction.

(iii) Host transfer services. The term "host transfer services" means any electronic fund transfer made by an automated teller machine operator in connection with a transaction initiated by a consumer at an automated teller machine operated by such operator.

10. Regulation E, 12 C.F.R. § 205.16, provides:

Disclosures at automated teller machines.

(a) Definition. Automated teller machine operator means any person that operates an automated teller machine at which a consumer initiates an electronic fund transfer or a balance inquiry and that does not hold the account to or from which the transfer is made, or about which an inquiry is made.

(b) General. An automated teller machine operator that imposes a fee on a consumer for initiating an electronic fund transfer or a balance inquiry shall:

(1) Provide notice that a fee will be imposed for providing electronic fund

transfer services or a balance inquiry; and

(2) Disclose the amount of the fee.

(c) Notice requirement. An automated teller machine operator must comply with the following:

(1) On the machine. Post the notice required by paragraph (b)(l) of this section in a prominent and conspicuous location on or at the automated teller machine; and

(2) Screen or paper notice. Provide the notice required by paragraphs (b)(1) and (b)(2) of this section either by showing it on the screen of the automated teller machine or by providing it on paper, before the consumer is committed to paying a fee.

(d) Temporary exemption. Through December 31, 2004, the notice requirement in paragraph (c)(2) of this section does not apply to any automated teller machine that lacks the technical capability to provide such information.

(e) Imposition of fee. An automated teller machine operator may impose a fee on a consumer for initiating an electronic fund transfer or a balance inquiry only if

(1) The consumer is provided the notices required under paragraph (c) of this section, and

(2) The consumer elects to continue the transaction or inquiry after receiving such notices.

11. Defendant Pawtucket Credit Union did not post a notice on its ATMs that complied with 15 U.S.C. §1693b and 12 C.F.R. §205.16. No notice whatsoever is posted outside the ATM.

12. The imposition of the charge without proper notice is unlawful.

13. The EFTA, 15 U.S.C. §1693m, provides:

Civil liability

(a) Individual or class action for damages; amount of award. Except as otherwise provided by this section and section 910 *[15 USCS §1693h]*, any person who fails to comply with any provision of this title *[15 USCS §§1693* et seq.] with respect to any consumer, except for an error resolved in accordance with section 908 *[15 USCS §1693f]*, is liable to such consumer in an amount equal to the sum of--

(1) any actual damage sustained by such consumer as a result of such

failure;

(2) (A) in the case of an individual action, an amount not less than $ 100 nor greater than $ 1,000; or

(B) in the case of a class action, such amount as the court may allow, except that (i) as to each member of the class no minimum recovery shall be applicable, and (ii) the total recovery under this subparagraph in any class action or series of class actions arising out of the same failure to comply by the same person shall not be more than the lesser of $ 500,000 or 1 per centum of the net worth of the defendant; and

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

(b) Factors determining amount of award. In determining the amount of liability in any action under subsection (a), the court shall consider, among other relevant factors--

(1) in any individual action under subsection (a)(2)(A), the frequency and persistence of noncompliance, the nature of such noncompliance, and the extent to which the noncompliance was intentional; or

(2) in any class action under subsection (a)(2)(B), the frequency and persistence of noncompliance, the nature of such noncompliance, the resources of the defendant, the number of persons adversely affected, and the extent to which the noncompliance was intentional.

. . . (g) Jurisdiction of courts; time for maintenance of action. Without regard to the amount in controversy, any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation.

## CLASS ALLEGATIONS

14. Plaintiff seeks certification of a class pursuant to Rules 23(a) and (b)(3) of the Rhode Island Rules of Civil Procedure.

15. The class consists of (a) all persons who do not have an ATM or debit card issued by Pawtucket Credit Union and (b) who used an ATM maintained by Pawtucket Credit Union that was not posted with a clear and conspicuous notice stating that a fee of stated amount will be imposed upon persons using it who do not have an ATM or debit card issued by Pawtucket Credit Union (c) and were charged a fee (d) during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action.

16. The class is so numerous that joinder of all members is impracticable. There are more than 50 members of the class.

17. There are questions of law and fact common to the class, which questions predominate over any questions affecting only individual class members. The predominant common question is whether defendant's ATMs were posted with the notices required by law.

18. Plaintiff's claims are typical of the claims of the class members. All are based on the same legal and factual issues.

19. Plaintiff will fairly and adequately represent the members of the class. Plaintiff has retained counsel experienced in the prosecution of consumer credit claims and class actions.

20. A class action is superior for the fair and efficient prosecution of this litigation. Classwide liability is essential to cause defendant to stop its improper conduct. Many class members may be unaware that they have been victims of illegal conduct.

WHEREFORE, plaintiff requests that the Court enter judgment in plaintiff's favor and in favor of the class for:

a. Appropriate compensatory and statutory damages;

b. Attorney's fees, litigation expenses and costs of suit;

c. Such other or further relief as is appropriate.

Christopher M. Lefebvre
CLAUDE LEFEBVRE, P.C.
Two Dexter Street
Pawtucket, RI 02860
(401) 728-6060
(401) 728-6534 (FAX)
B.B.O. # 629056

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

**JURY DEMAND**

Plaintiff demands trial by jury.

Christopher M. Lefebvre

j:\case\pawtucket14.321\pleading\cmplt.wpd

# Exhibit A

CARD
************5904
PCU

LOC 0B410
150 ROOSEVELT AVE
PAWTUCKET RI
RE
040605 5:12PM 6834

$20 CASH WITHDRAWAL
+$1.50 TERMINAL FEE
TOTAL $21.50
FROM-
SV :SAVINGS

BALANCE $8.32