UNITED STATES DISTRICT COURT
THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MINOSKA B. PENA<br><br>Plaintiff<br><br>v.<br><br>PAWTUCKET CREDIT UNION<br><br>Defendant | United States District Court<br><br>Civil Action No. CA05-190S |

ANSWER TO COMPLAINT AND JURY DEMAND

1. The defendant denies that it violated the Electronic Funds Transfer Act (EFTA) or Federal Reserve Board Regulations.

2. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint and calls upon the plaintiff to prove the same.

3. The defendant admits that it is a credit union authorized to do business under the laws of the State of Rhode Island.

4. The defendant admits to the allegations contained in Paragraph 4 of the Complaint.

FACTS

5. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint and calls upon the plaintiff to prove the same.

6. The defendant admits to the allegations contained in Paragraph 6 of the Complaint.

7. The defendant denies the allegations contained in Paragraph 7 of the Complaint.

8. The defendant denies the allegations contained in Paragraph 8 of the Complaint.

9. The defendant denies that this is a full and complete statement of 15 U.S.C. §1693b or of the applicable law.

10. The defendant admits that the plaintiff has accurately set forth 12 C.F.R. §205.16.

11. The defendant denies the allegations contained in Paragraph 11 of the Complaint.

12. The defendant denies the allegations contained in Paragraph 12 of the Complaint.

13. The defendant denies that this is a full and complete statement of 15 U.S.C. §1693m or of the applicable law.

## CLASS ALLEGATIONS

14. The defendant denies that the plaintiff is entitled to class certification.

15. The defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. The defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. The defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. The defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. The defendant denies that the plaintiff will fairly and adequately represent members of a class. As to the remaining allegations of paragraph 19 the defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and calls upon the plaintiff to prove the same.

20. The defendant denies the allegations contained in Paragraph 20 of the Complaint.

WHEREFORE, the defendant says that the plaintiff's Complaint against it should be dismissed and that judgment entered for the defendant, together with its costs.

## JURY DEMAND

The defendant demands a trial by jury.

FIRST AFFIRMATIVE DEFENSE:

And further answering, the defendant says that the complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE:

And further answering, the defendant says that the cause of action is barred in whole or in part by reason of the applicable Statute of Limitations.

THIRD AFFIRMATIVE DEFENSE:

And further answering, the defendant moves that the complaint be dismissed, insofar as the plaintiff has participated in the transactions which gave rise to the relief sought by the plaintiff.

FOURTH AFFIRMATIVE DEFENSE:

And further answering, the defendant says that the acts complained of were not committed by a person for whose conduct the defendant was legally responsible.

FIFTH AFFIRMATIVE DEFENSE:

And further answering, the defendant says that the plaintiff's alleged loss was caused by or resulted from her own intentional acts and, therefore, the plaintiff's claim is barred.

SIXTH AFFIRMATIVE DEFENSE:

And further answering, the defendant says that to the extent that it has any obligations to the plaintiff, such obligations have been fully, completely and properly performed in every respect.

SEVENTH AFFIRMATIVE DEFENSE:

And further answering, the defendant says that the plaintiff's recovery, if any, is barred or limited according to the applicable case law and statutes, including but not limited to, 15 U.S.C. §1693, et. seq.

EIGHTH AFFIRMATIVE DEFENSE:

And further answering, the defendant says that any violation of 15 U.S.C. §1693 was unintentional and resulted from a bona fide error and therefore the defendant may not be held liable.

NINTH AFFIRMATIVE DEFENSE:

And further answering, the defendant says that the plaintiff did not rely to her detriment on the alleged lack of notice and therefore has no standing to bring suit.

TENTH AFFIRMATIVE DEFENSE:

And further answering, the defendant says that the plaintiff fails to meet the prerequisites to bringing a class action as set forth in Rhode Island Superior Court Rules of Civil Procedure.

ELEVENTH AFFIRMATIVE DEFENSE:

And further answering, the plaintiff is not an appropriate class representative and therefore the case should be dismissed.

TWELFTH AFFIRMATIVE DEFENSE:

And further answering, plaintiff lacks standing to bring some or all of the claims in this case.

THIRTEENTH AFFIRMATIVE DEFENSE:

And further answering, upon information and belief, the Complaint is barred in whole or in part by the doctrines of waiver, estoppel, consent and ratification.

FOURTEENTH AFFIRMATIVE DEFENSE:

And further answering, upon information and belief, plaintiff and putative class have failed to take reasonable steps to protect themselves from the damage alleged in the Complaint and have failed to mitigate any such alleged damage.

FIFTEENTH AFFIRMATIVE DEFENSE:

And further answering, any injury to the plaintiff, and/or putative class members, is a result of her own conduct, the conduct of her agent(s), and/or the conduct of third parties, and not the responsibility of the defendant.

SIXTEENTH AFFIRMATIVE DEFENSE:

And further answering, upon information and belief, claims of some putative class members may be barred by the doctrines of accord and satisfaction, estoppel, *res judicata*, and/or release.

SEVENTEENTH AFFIRMATIVE DEFENSE:

And further answering, plaintiff and/or putative class members have consented to, approved or and/or ratified the conduct which forms the basis for their claims.

EIGHTEENTH AFFIRMATIVE DEFENSE:

And further answering, this case is not appropriate for certification as a class action, and all class allegations and class claims should be stricken or dismissed.

NINETEENTH AFFIRMATIVE DEFENSE:

And further answering, defendant is entitled to all defenses permitted under the governing statutes, including all exemptions and exceptions to liability contained in the EFTA and Regulation E.

PAWTUCKET CREDIT UNION,

By its attorneys,

Kevin C. Cain, #3960
PEABODY & ARNOLD LLP
30 Rowes Wharf
Boston, MA 02110
(617) 951-2100

CERTIFICATE OF SERVICE

I, Kevin C. Cain, hereby certify this 1 day of June, 2005 that I served a copy of the foregoing document by first-class mail, postage prepaid upon Christopher M. Lefebvre, Esq., Claude Lefebvre, P.C., Two Dexter Street, Pawtucket, Rhode Island.

Kevin C. Cain

PABOS2:FCONNEL:613353_1
193-91198